**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| LAMEEK JOHNS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19-cv-00207 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C. MESSER, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Lameek Johns, a Virginia inmate proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 against three Virginia Department of Correction ("VDOC") employees. His complaint asserts claims of retaliation and excessive force against two of those defendants, C. Messer and B. Mullins, arising from an incident that occurred on September 11, 2018. Johns asserts a due process claim against the third defendant, L. Mullins, in which Johns contends that disciplinary hearings conducted by L. Mullins violated his constitutional due process rights.

There are several pending motions in the case, and this order addresses two of them. For the reasons discussed below, I will deny Johns' motion for preliminary injunctive relief (Dkt. No. 14), and I will deny in part and deny in part as moot defendants' motion for partial summary judgment (Dkt. No. 26), but will summarily dismiss certain of Johns' claims, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), for failure to state a claim.

## I. MOTION FOR PRELIMINARY INJUNCTION

As noted above, Johns' claims arise from a September 11, 2018 incident in which he alleges that defendants Messer and B. Mullins used excessive force on him, in violation of his Eighth Amendment rights. He also alleges that a subsequent disciplinary hearing violated his due process rights.

His motion for preliminary injunction alleges that, since he filed his lawsuit, the defendants in this case have been retaliating against him. He then goes on to describe a number of incidents, beginning in April 2019 and concluding on May 21, 2019, in which defendants threatened him, refused him outside recreation or showers, wrote a false disciplinary report against him, or violated his First Amendment rights. Defendants repeatedly told him that they were taking these actions because he was a "snitch" or because he had filed lawsuits against them or others. Upon review of Johns' motion, I conclude that it should be denied because the allegations in that motion and requests for relief are not sufficiently related to his claims in his complaint.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374-376 (2008).

An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the

underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Although Johns alleges that the actions set forth in the motion for preliminary injunction are retaliatory and so are, in a sense, "related" to his complaint's claims, they are not harms that arise from the use of excessive force against him on September 11, 2018. Thus, they are not harms that are "caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16. Accordingly, preliminary injunctive relief is not available in this case to remedy them and Johns' motion seeking preliminary injunctive relief (Dkt. No. 14) is **DENIED**.

Moreover, I decline to construe Johns' motion as a motion to amend his complaint to add retaliation claims. Among other reasons, it is extremely unlikely that Johns had exhausted his administrative remedies with regard to some or all of these claims prior to filing his motion. He filed the motion on May 31, 2019, only ten days after the last of these alleged retaliatory acts occurred. Nothing in this ruling prevents Johns from asserting any of these claims in a separate action, however, after first exhausting his administrative remedies and subject to the applicable statute of limitations.[1]

## II. DISMISSAL OF CLAIMS AND PARTIAL SUMMARY JUDGMENT MOTION

Defendants also have filed a motion for partial summary judgment, which I will deny as moot in part and deny in part, for several reasons. First, because the due process claims and the official-capacity claims seeking damages fail to state a claim on which relief can be granted, I will summarily dismiss those claims. I thus deny as moot the summary judgment motion insofar

---

[1] Johns has filed several other civil rights complaints since filing this lawsuit. I have not compared the allegations set forth in his motion for preliminary injunction to allegations set forth in any of those other lawsuits to determine if they are duplicative. To the extent Johns has already asserted claims based on those other allegations in other lawsuits, he should not include those claims in any new lawsuit he may file.

as it seeks dismissal of those claims.² I also deny the motion for summary judgment insofar as it seeks the dismissal of all injunctive relief sought.

With regard to my *sua sponte* dismissal, the due process claims against L. Mullins are not viable because the challenged disciplinary hearings did not result in the denial of a vested liberty or property interest. Instead, they resulted in imposition of only a minimal fine and a denial of privileges, neither of which gives rise to a constitutionally protected interest. As to the official-capacity claims against C. Messer and B. Mullins,³ Johns cannot recover damages on those claims, and I will dismiss those claims insofar as they seek damages. I will deny the motion for partial summary judgment insofar as it seeks dismissal of injunctive relief. My reasons for these rulings are explained in Sections II.C, II.D, and II.E. *infra*.

### A. Rule 56(d) Request by Johns

Johns has filed a document docketed as a response to the motion for summary judgment (Dkt. No. 30), but it does not respond to the substance of the motion's arguments. Instead, Johns requests, presumably pursuant to Federal Rule of Civil Procedure 56(d), that resolution of the motion be stayed pending resolution of his motion to compel, that he be granted an extension of time, or that the motion be denied.⁴ He explains that he has propounded discovery and not received any response and states that he needs the discovery to respond to the summary judgment motion.

---

² As discussed below, Johns has elected not to respond to the arguments in the summary judgment motion; instead, he has asked to be able to conduct more discovery before being required to respond.

³ As to the individual-capacity claims against C. Messer and B. Mullins, defendants acknowledge that there are disputes of fact precluding the grant of summary judgment as to the individual-capacity claims against them and request that they be set for trial.

⁴ Although Johns cites to Rule 56(f) in his filing (Dkt. No. 30 at 1), his request to be able to obtain discovery before being required to respond (and his included affidavit) clearly appear to be a request pursuant to Rule 56(d).

While often a defendant's alleged failure to respond at all to discovery would warrant relief under Rule 56(d), in this case, it is not necessary to allow the discovery requested by Johns before the court rules. First of all, as explained below, the issue of the availability of damages on the official-capacity claims is an issue of law and does not require discovery. Similarly, the only facts on which I rely to dismiss the due process claims are the penalties that were imposed for the disciplinary convictions at issue. Notably, though, Johns sets forth the same penalties in his verified complaint. Thus, these claims are subject to summary dismissal based on the allegations in Johns' own complaint, not based on facts supplied by defendants

Further, even if Johns wanted to contradict both his verified complaint and the disciplinary documents submitted by defendants, Johns does not need discovery to set forth any different penalty that was imposed; he should have personal knowledge of that information. For all of these reasons, postponing a ruling on summary judgment to allow Johns additional discovery is not appropriate here.

I also have considered Johns' request for an extension of time to respond to the summary judgment motion, and I will deny that request as unnecessary. As to the claims I am dismissing, I am doing so *sua sponte*, and no response from Johns is required. As to the motion for summary judgment on the Johns' claims for injunctive relief, I am denying the motion, which is a ruling in Johns' favor. Thus, he suffers no prejudice as a result of not being given an opportunity to respond.

For these reasons, I will deny Johns' request pursuant to Rule 56(d).

**B. Summary Judgment Standard**

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A

genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In making that determination, I must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

**C. Official Capacity Claims**

Defendants correctly note that Johns cannot obtain money damages from defendants in their official capacities under § 1983, which is the vehicle for his claims. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, I will summarily dismiss Johns' claims for money damages brought against defendants in their official capacities. I will deny as moot defendants' motion for summary judgment as to those claims.

6

### D. Claims for Injunctive Relief

Defendants also contend that Johns' only specific request for injunctive relief –his request to be transferred to a different facility—should be dismissed. They note that injunctive relief is permitted only in limited circumstances. Specifically, the Prison Litigation Reform Act allows a court to grant a prospective injunction only if the court finds that the relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a). While it may well be true that transfer would not be an appropriate remedy under this standard, Johns' complaint also seeks "any additional relief deemed just by this court." (Dkt. No. 1 at 8.) Thus, I will deny defendants' motion for summary judgment insofar as it seeks dismissal of Johns' claims for injunctive relief at this time.

### E. Due Process Claims Against Defendant L. Mullins

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke* , 780 F.3d 245, 248 (4th Cir. 2015). For an inmate to establish a constitutionally protected liberty or property interest requires a showing of an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest). Likewise, a loss of privileges while in prison generally does not implicate the Due Process Clause. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).

It is unnecessary to discuss in any detail the factual background of Johns' due process claims or the disciplinary hearings themselves. For purposes of this opinion, only the penalties

he received are relevant. In Johns' verified complaint, he states that the challenged disciplinary hearings resulted only in a $15 fine for one offense and a 60-day loss of electronics for the other.[5] Neither of these penalties implicate a due process violation or trigger due process protections.

As to the denial of electronics privileges, the Fourth Circuit has explained that "changes in conditions of confinement," including "the denial of privileges," are "matters which every prisoner can anticipate are contemplated by his original sentence to prison." *Gaston*, 946 F.2d at 343. Thus, a denial of privileges does not implicate due process concerns. *See id.*

The small monetary fine, too, is insufficient to trigger constitutional due process protections. As several judges of this court have recognized: "[S]mall monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and are not constitutionally protected interests under the Due Process Clause." *Roscoe v. Mullins*, No. 7:18CV00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting summary judgment in defendants' favor as to the due process claim where the only penalty imposed was a fifteen-dollar penalty), appeal docketed, No. 19-7343 (4th Cir. Sept. 24, 2019); *Ferguson v. Messer*, No. 7:15CV00140, 2017 WL 1200915, at *8 (W.D. Va. Mar. 30, 2017) (concluding that three twelve-dollar fines did not give rise to a protected property interest); *Bratcher v. Mathena*, No. 7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) (finding twelve-dollar fine did not pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life and so did not constitute a loss of a property interest). Like the plaintiffs in those cases, Johns was

---

[5] These are the same penalties set forth in the documentary evidence submitted by defendants. (Dkt. No. 27-1 at 2; Dkt. No. 27-2 at 2.)

subjected only to a small fine (fifteen dollars)—a penalty that is insufficient to give rise to a protected property interest in the context of prison life under the rationale of *Sandin*.[6]

Accordingly, Johns does not have a viable due process claim and I will dismiss his due process claims against L. Mullins.

An appropriate order will be entered.

**ENTER**: This 17th day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Although the Fourth Circuit has not yet spoken directly on this issue, some courts have expressed doubt as to whether *Sandin*'s analysis—requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest—applies in the context of *property* deprivations, given that *Sandin* addressed whether a particular deprivation implicated a *liberty* interest. *See Anderson v. Dillman*, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions). But the Fourth Circuit suggested, albeit in an unpublished decision, that *Sandin* is applicable in this context when it applied *Sandin* to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job." *Backus v. Ward*, 151 F.3d 1028, 1998 WL 372377, at *1 (4th Cir. 1998) (unpublished).